**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
IN CLERKS OFFICE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **JAMES A. ROGERS,** | \* |
| | \* |
| **Plaintiff,** | \* |
| | \* |
| **v.** | \* |
| | \* |
| **NSTAR ELECTRIC and** | \* |
| **KIMBERLY WHITNEY,** | |
| | \* |
| **Defendants** | \* |

2004 JUN -3 A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

**Civil Action No.**

MAGISTRATE JUDGE Cohen

RECEIPT #_____56304_____
AMOUNT $_150_____
SUMMONS ISSUED___N/A____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY CLK._____
DATE_6/3/04_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Petitioners NSTAR Electric and Kimberly Whitney, Defendants in the above-entitled action, state:

1.      NSTAR Electric and Kimberly Whitney (collectively referred to as "Defendants") desire to exercise their rights under the provisions of 28 U.S.C. §1441, et seq., to remove this action from Plymouth County Superior Court, in which said cause is now pending under the name and style, *James A. Rogers v. NSTAR Electric and Kimberly Whitney, individually,* Civil Action No. PLCV2004-00604B.   Ms. Whitney received personal service of the Summons and Verified Complaint on or about May 20, 2004. As of this date NSTAR has not been served with the Summons and Complaint, but received notice thereof subsequent to Ms. Whitney being served.  A copy of the Summons, Verified Complaint, Tracking Order and Civil Action Cover Sheet served on Ms. Whitney are attached hereto as Exhibits "A", "B" "C" and "D".  This removal is timely having been accomplished within thirty (30) days of May 20, 2004. See 28 U.S.C. §1446.

2.      The action filed by Plaintiff in Plymouth County Superior Court is removable to this Court under 28 U.S.C. §1441(a) as an action over which this Court has original jurisdiction under

28 U.S.C. §1331. As alleged in paragraph 39 of the Verified Complaint, "[a]t the time of his termination, the Plaintiff Rogers was employed pursuant to a written contract executed, October 1, 2001, by NSTAR and the Utility Workers Union of America, A.F.L.-C.I.O. and Local 369, U.W.U.A, A.F.L-C.I.O., and Local 369, U.W.U.A., A.F.L.-C.I.O., of which the Plaintiff Rogers was a member at the time in good standing, and aforesaid contract was in full force and effect at the time of his termination." The resolution of all ten (10) counts of the Verified Complaint requires an interpretation the collective bargaining agreement described in paragraph 39. Accordingly, all claims in the Verified Complaint are completely pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185. Thus, the Verified Complaint is properly removable to this Court.

      3.     Concurrently with the filing of this Notice of Removal, and pursuant to 28 U.S.C. §1446(d), Defendants are filing with the Plymouth County Superior Court, a "Notice to State Court and to Adverse Parties of Removal of State Court Action to the United States District Court for the District of Massachusetts," a copy of which is attached as Exhibit "E".

Respectfully submitted,

NSTAR ELECTRIC and KIMBERLY WHITNEY,

By their Attorneys,

MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
(617) 523-6666

By:_____
        Keith H. McCown
        B.B.O. #329980
        Robert P. Morris
        B.B.O. #546052

Dated: June 3, 2004

## CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on June 3, 2004, I caused to be served a copy of the within pleading by first class mail on counsel for the Plaintiff, Joseph R. Gallitano, Gallitano & Associates, 34 Main Street Extension, Suite 202, Plymouth, MA 02360.

_____
Robert P. Morris

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James A. Rogers

**DEFENDANTS**
NSTAR Electric and Kimberly Whitney

*FILED IN CLERK'S OFFICE*
*2004 JUN -3 A II: 39*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

(b) County of Residence of First Listed Plaintiff  __Plymouth__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joseph R. Gallitano
Gallitano & Associates
34 Main Street Ext., Suite 202
Plymouth, MA 02360/ (508)746-1500

Attorneys (If Known)
Keith H. McCown / Robert P. Morris
Morgan, Brown & Joy LLP
One Boston Place, 16th Floor
Boston, MA 02108 / (617) 523-6666

*04 11190*

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | **PERSONAL INJURY** ☐ 362 Personal Injury—Med. Malpractice | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury—Product Liability | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIW C/DIW W (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal based on complete preemption by 29 U.S.C. Sec. 185, Section 301 of Labor Management Relations Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  6-3-04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __James Rogers v. NSTAR Electric__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

FILED IN CLERKS OFFICE

2004 JUN -3  A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

04 11190 RCL

☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

☐ III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)   YES ☐  NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   YES ☒  NO ☐
   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐
   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES ☐  NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Robert P. Morris__
ADDRESS __Morgan, Brown & Joy LLP, One Boston Pl, 16th Floor, Boston, MA 02108__
TELEPHONE NO. __617-523-6666__

(Coversheetlocal.wpd - 10/17/02)

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss

SUPERIOR COURT
CIVIL ACTION NO. *04-0604B*

JAMES A. ROGERS )
      Plaintiff )
    )
    )
vs. )
    )
    )
NSTAR ELECTRIC and )
KIMBERLY WHITNEY, Individually )
      Defendants )

COMMONWEALTH OF MASSACHUSE
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

MAY 1 2 2004

CLERK

## VERIFIED COMPLAINT

1. The plaintiff, James A. Rogers, hereinafter referred to as Rogers, is an individual, residing at 234 Sandwich Street, Plymouth, Plymouth County, Massachusetts.

2. The defendant NSTAR Electric, hereinafter referred to as NSTAR, is a duly organized corporation with a principal place of business at One NSTAR Way, Westwood, Norfolk County, Massachusetts, 02090-9230.

3. The defendant, Kimberly Whitney, hereinafter referred to as Whitney, is an individual residing at 52 Old Colony Drive, Mashpee, Massachusetts, 02649. At all times relevant in this complaint Whitney was the Employee and Labor Relations Consultant at NSTAR.

1

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss

SUPERIOR COURT
CIVIL ACTION NO.

JAMES A. ROGERS )
        Plaintiff )
 )
 )
vs. )
 )
 )
NSTAR ELECTRIC and )
KIMBERLY WHITNEY, Individually )
        Defendants )

## VERIFIED COMPLAINT

1. The plaintiff, James A. Rogers, hereinafter referred to as Rogers, is an individual, residing at 234 Sandwich Street, Plymouth, Plymouth County, Massachusetts.

2. The defendant NSTAR Electric, hereinafter referred to as NSTAR, is a duly organized corporation with a principal place of business at One NSTAR Way, Westwood, Norfolk County, Massachusetts, 02090-9230.

3. The defendant, Kimberly Whitney, hereinafter referred to as Whitney, is an individual residing at 52 Old Colony Drive, Mashpee, Massachusetts, 02649. At all times relevant in this complaint Whitney was the Employee and Labor Relations Consultant at NSTAR.

## FACTS

1. On or about April 28, 1986, the plaintiff Rogers commenced his employment with the defendant NSTAR. At all times relevant hereto Rogers had specific written and/or implied terms of employment with NSTAR.

2. On or about August 30, 2000 the defendant Whitney received a phone call at work. The person on the other end of the phone whispered, "Hi Kim, how are you" and "No, Kim, don't hang up now" and said nothing else.

3. The defendant Whitney did not recognize the voice at all, so after a moment she hung up the phone.

4. In December of 2000 the defendant Whitney received another call at work, this time there was no whispering on the other end of the phone.

5. In January of 2001 the defendant Whitney received another phone call at work. This time there was breathing on the other end of the phone.

6. In February of 2001 the defendant claimed she heard the person on the other end of the phone masturbating in the background.

7. The defendant Whitney notified NSTAR security and drove to the Wareham Police Department to file a complaint.

8. The Wareham Police Department and Verizon placed a tap on the defendants work phone.

9. On March 30, 2001 another call came in and the person on the other end of the phone was breathing.

10. The defendant activated the phone tap and notified NSTAR security and they notified the Wareham Police.

11. The Wareham Police received a printout from Verizon that indicated that the last call came from an employee of NSTAR, James Rogers, the Plaintiff herein.

12. The Plaintiff's girlfriend also worked at the same office complex of NSTAR and it was well known that the telephone switching system was often in error connecting people to the wrong party in error.

13. Further only one instance of a phone call to the defendant Whitney was ever traced indicating it could have come from the Plaintiff herein, far below the minimum of three calls required to establish a valid trace; and the Plaintiff never knowingly placed a call at anytime to the defendant Whitney since he did not know her or had ever talked to her before this incident alleged by her accusing him of making annoying phone calls to her.

14. On May 11, 2001 the defendant Whitney assisted by counsel for the defendant NSTAR, attended a hearing before the Clerk Magistrate of the Wareham District court, based upon accusations made by the defendant, Whitney, against Rogers for annoying phone calls and criminal harassment.

15. After a full probable cause hearing the Clerk Magistrate ruled there was no evidence to warrant the issuance of formal charges against the Plaintiff Rogers since no proof was produced that identified him in any way as a

3

person making annoying calls or that there even were any phone calls made as complained by the defendant Whitney.

16. The Defendant Whitney appealed the Clerk Magistrate's ruling to a District Court Judge, but the District Attorney's office refused to bring the matter forward due to a lack of sufficient evidence.

17. On May 18, 2001 the Plaintiff, Rogers was terminated from NSTAR, based upon the complaint s registered by the Defendant Whitney despite no charges were ever brought against the Plaintiff and there was no basis for the charges made by the Defendant Whitney.

18. As result of the false allegations made against him by Whitney and the wrongful termination of his employment by NSTAR, Rogers has suffered irreparable harm to his reputation making reemployment almost impossible, has suffered loss of income of salary and benefits, of a minimum of $50,000.00 per year and now in excess of $150,000.00.

19. The Plaintiff was employed under a union contract and exhausted all his remedies administratively under said contract without result since the causes of action addressed herein are not union related issues but personal employment issues; nevertheless the Plaintiff is entitled to all the benefits and protections under contract law afforded to anyone who is employed pursuant to a written contract.

## CAUSES OF ACTION

### I. Wrongful Termination and Breach of the Implied Covenant of Good Faith and Fair Dealing

20. The plaintiff, Rogers, repeats and re-avers paragraphs one through nineteen as if expressly set forth fully hereinafter.

21. Rogers and NSTAR had a written employment contract governing the employment of Rogers; and in all employment contracts pursuant to the appropriate law there is an implied covenant of good faith and fair dealing. As a result of the conduct and action set forth above, the defendant NSTAR breached the implied covenant of good faith and fair dealing. As a result of that breach, Rogers sustained significant damages including but not limited to loss of job, loss of income, benefits, emotional, and/or mental anguish.

WHEREFORE, Plaintiff, demands judgment against all Defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## II. Misrepresentation, Fraud and Deceit

22. The plaintiff, Rogers, repeats and re-avers paragraphs one through twenty-one as if expressly set forth fully hereinafter.

23. The Defendants participated in intentional misrepresentations regarding the conduct of the Plaintiff as set forth above with no evidence to support such claims and further with in spite of the rejection of aforesaid claims of the defendant Whitney, the Defendant Terminated Rogers based on the aforesaid false statement of Whitney with full knowledge that said accusations had no legal basis since the Defendant, NSTAR provided its own legal counsel to Whitney at the District Court hearing. As a result of

these misrepresentations, fraud and deceit committed by the Defendants,

Rogers has sustained significant damages.


WHEREFORE, plaintiff demands judgment against all defendants in an amount this

Court deems just and appropriate with interest, cost of this action including attorneys'

fees.

### III. Intentional, Improper Interference with Contractual Relationship


24. The plaintiff, Rogers, repeats and re-alleges paragraphs one through
    twenty - three above as if expressly set forth fully hereinafter.

25. At all relevant times herein, Rogers had specific written and/or implied
    terms of employment with NSTAR. The Defendant Whitney knowingly
    and/or wrongfully attempted to and did interfere with Rogers' employment
    contract. The defendant Whitney interference with Rogers' contractual
    relationship with NSTAR was wrongful and intentional and done through
    improper motives and means so as to cause Rogers to sustain harm and
    damages as a result of their actions. As a result of said actions, Rogers has
    sustained significant damages.

    WHEREFORE, plaintiff demands judgment against all defendants in an
    amount this Court deems just and appropriate with interest, cost of this
    action including attorneys' fees.

## IV. Intentional, Improper Interference with Advantageous Business Relationship

26. The plaintiff repeats and re-alleges paragraphs one through twenty-five as if expressly set forth fully hereinafter.

27. At all relevant times herein, Rogers had a written employment contract with NSTAR. The defendant Whitney knowingly and/or wrongfully attempted to and did interfere with Rogers' advantageous business relationship with NSTAR. The Whitney's interference with Rogers' business relationship with NSTAR was wrongful and intentional and done through improper motives and means so as to cause Rogers to sustain harm and damages. As a result of her actions, Rogers has sustained significant damages.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## V. Intentional Infliction of Emotional Distress

28. The plaintiff repeats and re-alleges paragraphs one through twenty-seven as if expressly set forth fully hereinafter.

29. The defendants through their conduct, which was extreme and outrageous, as set fort above have intentionally caused Rogers to suffer emotional distress as demonstrated by physical manifestations. As a result of the defendants' intentional infliction of emotional distress, Rogers has

sustained permanent and serious personal injuries including but not limited

to pain and suffering and emotional damage.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this

Court deems just and appropriate with interest, cost of this action including attorneys'

fees.

## VI. Negligent Infliction of Emotional Distress

30. The plaintiff, repeats and re-alleges paragraphs one through twenty-nine as if expressly set forth fully hereinafter.

31. The defendants through their conduct as set fort above have negligently caused Rogers to suffer emotional distress as demonstrated by physical manifestations. As a result of the defendants' negligent infliction of emotional distress, Rogers has sustained permanent and serious personal injuries including but not limited to pain and suffering and emotional damage.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this

Court deems just and appropriate with interest, cost of this action including attorneys'

fees.

## VII. Negligent Breach of Contract Duty

32. The plaintiff repeats and re-alleges paragraphs one through thirty-one as if expressly set forth fully hereinafter.

33. Based upon the conduct of the defendants, all defendants have negligently breached their contractual duties to the plaintiff. The defendants were

obligated to exercise due care in the performance of their duties and have

negligently and carelessly breach their duties causing significant harm,

injury and damages to Rogers.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this

Court deems just and appropriate with interest, cost of this action including attorneys'

fees.

## VIII. Negligent Misrepresentation

34. The plaintiff repeats and re-alleges paragraphs one through thirty-three as
    if expressly set forth fully hereinafter.

35. The defendant NSTAR failed to exercise reasonable care and competence
    in relying upon claims made against Rogers by the Defendant Whitney,
    and supported such misrepresentations to a court of law and acted upon
    said misrepresentation by terminating Rogers, causing him to sustain
    significant damages, including damage to his professional reputation
    making reemployment almost impossible.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this

Court deems just and appropriate with interest, cost of this action including attorneys'

fees.

## IX. Breach of Employment Contract

36. The plaintiff repeats and re-alleges paragraphs one through thirty-five as if
    expressly set forth fully hereinafter.

37. The Defendant NSTAR relied upon false and mistaken information in making its decision to terminate the employment of the plaintiff herein.

38. Despite that the Defendant knew there was no legal basis to any of the claims made by the Defendant Whitney against the Plaintiff, Nstar terminated despite a long service to the company and good job performance all in direct violation of the Plaintiff's contract.

39. At the time of his termination, the Plaintiff Rogers was employed pursuant to a written contract executed, October 1, 2001, by NSTAR and the Utility Workers Union of America, A.F.L.-C.I.O. and Local 369, U.W.U.A., A.F.L.-C.I.O., of which the Plaintiff Rogers was a member at the time in good standing, and aforesaid contract was in full force and effect at the time of his termination.

40. As a result of the actions of the defendants set forth above, the defendants breached their employment contract by wrongfully terminating Rogers causing him to sustain damages, i.e. loss of job, compensation and benefits to which he was otherwise entitled.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## X. Slander and Libel

41. The plaintiff repeats and re-alleges paragraphs one through forty as if expressly set forth fully hereinafter.

42. The Defendants did knowingly state and publish false statements accusing the Plaintiff of committing a criminal act, which has detrimentally affected

his reputation in his work community and makes reemployment extremely difficult.

43. The Plaintiff's permanent employment record is marred by the false allegations made by the defendants and recorded in Plaintiff's personnel file.

44. As result of the Actions of the Defendants as asset forth above, the Plaintiff's reputation has been irreparably damaged and caused extreme financial hardship and loss.

WHEREFORE, Plaintiff, demands judgment against all Defendants in an amount this Court deems just and appropriate with interest, cost of this action, including attorneys' fees.

THE PLAINTIFF DEMANDS A JURY TRIAL.

James A. Rogers
The Plaintiff,
By His Attorney

Joseph R. Gallitano
Gallitano & Associates
34 Main Street Ext. Suite 202
Plymouth, MA 02360
(508) 746-1500
BBO # 183700

Dated: May 5, 2004

11

## VERIFICATION OF COMPLAINT

I, James A. Rogers, being first duly sworn, state that I am the plaintiff in the above-entitled action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to my own knowledge and belief.

_James A. Rogers_

James A. Rogers

DATED: May 5, 2004