UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. ROGERS<br><br>Plaintiff,<br><br>v.<br><br>NSTAR ELECTRIC AND GAS CORPORATION<br>AND KIMBERLY WHITNEY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 11190-RCL<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF JAMES A. ROGERS'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO FILE A REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The Plaintiff, James A. Rogers, opposes the Defendants' Motion requesting permission to file a reply memorandum to respond to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss.

The only purpose for Defendants to seek to file an additional response is to more emphatically stress their request for a dismissal. In short an exercise in redundancy. In addition, the Defendants have requested a hearing on their motion, which will provide ample opportunity for them to state their concerns and respond to the Memorandum in Opposition to Defendants' Motion to Dismiss filed by the Plaintiff. Under no circumstances are there any new allegations, which require the Defendants to address. They are not placed at a disadvantage by not permitting additional fillings. Almost thirty years ago the Rules of Civil Procedure were drastically modified to avoid endless filings at the outset of case in order to gain a dismissal in a war of paper. Obviously if the

1

Defendants are allowed an additional filing at this stage, Plaintiff should have an opportunity to rebut.

The Plaintiff requests that the Court deny the Defendants' Motion and set a date for hearing on their original motion, at which time they will have ample opportunity to respond to the Memorandum filed by the Plaintiff in accordance with the Rules of Civil Procedure. In addition, should the Court see fit to deny their Motion to Dismiss, the Defendants will have the opportunity to further respond in the form of an answer to the Plaintiff's complaint, conduct discovery, and at some future time seek a Motion for Summary Judgment if they believe they can meet the legal requirements to obtain one.

Further all the case law cited by Plaintiff is very relevant in that the Plaintiff merely demonstrated other instances that were exceptions to Section 301 and the interpretation of a collective bargaining agreement. The Plaintiff believes and he has asserted that the equity issues are in fact worthy of similar exception. The fact that the Court may create new law by deciding in Plaintiff's favor and in so doing create a new category for such an exception does not bar this matter from going forward just because plaintiff has presented a novel approach. Quite the contrary, a complaint, requesting a ruling that may create new law, is why the standard for stating a claim upon which relief can be granted is minimal at best and all circumstances must be viewed in a light most favorable to the Plaintiff.

It is most important to note that the defendants had other remedies at law rather than taking the actions of fraudulently using a collective bargaining process to bring about a result in their favor, which never clearly addressed the issues at hand. The only time real issues were heard was at a clerk Magistrate's hearing, at which time the ruling

of the court went against the Defendant Whitney. In addition, the Defendants in their rebuttal misstate a material fact by claiming the Plaintiff admitted to making an offensive phone call to the Defendant Whitney. That statement is absolutely false. The Plaintiff admitted that a call received by Whitney on a dedicated line, not a phone tap, was traced back to the Plaintiff's phone when he was shown the data by the Police. That particular call was four months after any of the other calls. The call was for ten seconds only and no spoken voice was heard or any sound of any kind. In short there are wrong number hang-ups that are longer than ten seconds. The one phone call upon which Plaintiff's termination was based could never be characterized as offensive. No expert has ever had an opportunity to evaluate the way the traces were established to determine if they were done correctly, flawed or even reliable.

Plaintiff has stated claims upon which relief can be granted by this Honorable Court in such circumstances as this when in the Court's discretion it can apply fairness for the average working man by creating new law when justice cries out for relief to be granted.

There are a multitude of barriers to protect the Defendants if their actions have been right and true. The legal expense they may have to incur in defending this action is trivial by comparison to the damage they have caused to the Plaintiff's reputation, his finances and even the possibility of his ever regaining the type of employment he had for over a decade

Respectfully, the Plaintiff requests that the Defendants' Motion to File a Reply Memorandum to the Plaintiff's Opposition to Defendant's Motion to Dismiss be denied.

James A. Rogers
The Plaintiff,

By His Attorney

*[signature]*
Joseph R. Gallitano
Gallitano & Associates
34 Main St. Ext., Suite 202
Plymouth, MA  02360
(508) 746-1500
BBO # 183700

Dated: August 10, 2004

### CERTIFICATE OF SERVICE

I, Joseph R. Gallitano, Esq., hereby certify that I have served a copy of the Plaintiff James A. Rogers's Memorandum in Opposition to Defendants' Motion to File a Reply Memorandum to Plaintiff's Opposition to Defendants' Motion to Dismiss upon all counsel of record this 10th day of August, 2004.

*[signature]*
Joseph R. Gallitano

4