## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. ROGERS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 11190-RCL |
| ) | |
| NSTAR ELECTRIC AND GAS CORPORATION ) | |
| AND KIMBERLY WHITNEY ) | |
| ) | |
| Defendants. ) | |

## VERIFIED AMENDED COMPLAINT

1. The plaintiff, James A. Rogers, hereinafter referred to as Rogers, is an individual, residing at 234 Sandwich Street, Plymouth, Plymouth County, Massachusetts.

2. The defendant NSTAR Electric and Gas Corporation, hereinafter referred to as NSTAR, is a duly organized corporation with a principal place of business at One NSTAR Way, Westwood, Norfolk County, Massachusetts, 02090-9230.

3. The defendant, Kimberly Whitney, hereinafter referred to as Whitney, is an individual residing at 52 Old Colony Drive, Mashpee, Massachusetts, 02649. At all times relevant in this complaint Whitney was the Employee and Labor Relations Consultant at NSTAR.

## FACTS

1. On or about April 28, 1986, the plaintiff Rogers commenced his employment with the defendant NSTAR. At all times relevant hereto Rogers had specific written and/or implied terms of employment with NSTAR.

2. On or about August 30, 2000 the defendant Whitney received a phone call at work. The person on the other end of the phone whispered, "Hi Kim, how are you" and "No, Kim, don't hang up now" and said nothing else.

3. The defendant Whitney did not recognize the voice at all, so after a moment she hung up the phone.

4. In December of 2000 the defendant Whitney received another call at work, this time there was no whispering on the other end of the phone.

5. In January of 2001 the defendant Whitney received another phone call at work. This time there was breathing on the other end of the phone.

6. In February of 2001 the defendant claimed she heard the person on the other end of the phone masturbating in the background.

7. The defendant Whitney notified NSTAR security and drove to the Wareham Police Department to file a complaint.

8. The Wareham Police Department and Verizon placed a tap on the defendants work phone.

9. On March 30, 2001 another call came in and the person on the other end of the phone was breathing.

10. The defendant activated the phone tap and notified NSTAR security and they notified the Wareham Police.

2

11. The Wareham Police received a printout from Verizon that indicated that the last call came from an employee of NSTAR, James Rogers, the Plaintiff herein.

12. The Plaintiff's girlfriend also worked at the same office complex of NSTAR and it was well known that the telephone switching system was often in error connecting people to the wrong party in error.

13. Further only one instance of a phone call to the defendant Whitney was ever traced indicating it could have come from the Plaintiff herein, far below the minimum of three calls required to establish a valid trace; and the Plaintiff never knowingly placed a call at anytime to the defendant Whitney since he did not know her or had ever talked to her before this incident alleged by her accusing him of making annoying phone calls to her.

14. On May 11, 2001 the defendant Whitney assisted by counsel for the defendant NSTAR, attended a hearing before the Clerk Magistrate of the Wareham District court, based upon accusations made by the defendant, Whitney, against Rogers for annoying phone calls and criminal harassment.

15. After a full probable cause hearing the Clerk Magistrate ruled there was no evidence to warrant the issuance of formal charges against the Plaintiff Rogers since no proof was produced that identified him in any way as a person making annoying calls or that there even were any phone calls made as complained by the defendant Whitney.

3

16. The Defendant Whitney appealed the Clerk Magistrate's ruling to a District Court Judge, but the District Attorney's office refused to bring the matter forward due to a lack of sufficient evidence.

17. On May 18, 2001 the Plaintiff, Rogers was terminated from NSTAR, based upon the complaint s registered by the Defendant Whitney despite no charges were ever brought against the Plaintiff and there was no basis for the charges made by the Defendant Whitney.

18. As result of the false allegations made against him by Whitney and the wrongful termination of his employment by NSTAR, Rogers has suffered irreparable harm to his reputation making reemployment almost impossible, has suffered loss of income of salary and benefits, of a minimum of $50,000.00 per year and now in excess of $150,000.00.

19. The Plaintiff was employed under a union contract and exhausted all his remedies administratively under said contract without result since the causes of action addressed herein are not union related issues but personal employment issues; nevertheless the Plaintiff is entitled to all the benefits and protections under contract law afforded to anyone who is employed pursuant to a written contract.

## CAUSES OF ACTION

### I. Wrongful Termination and Breach of the Implied Covenant of Good Faith and Fair Dealing

20. The plaintiff, Rogers, repeats and re-avers paragraphs one through nineteen as if expressly set forth fully hereinafter.

4

21. Rogers and NSTAR had a written employment contract governing the employment of Rogers; and in all employment contracts pursuant to the appropriate law there is an implied covenant of good faith and fair dealing. As a result of the conduct and action set forth above, the defendant NSTAR breached the implied covenant of good faith and fair dealing. As a result of that breach, Rogers sustained significant damages including but not limited to loss of job, loss of income, benefits, emotional, and/or mental anguish.

WHEREFORE, Plaintiff, demands judgment against all Defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## II. Misrepresentation, Fraud and Deceit

22. The plaintiff, Rogers, repeats and re-avers paragraphs one through twenty-one as if expressly set forth fully hereinafter.

23. The Defendants participated in intentional misrepresentations regarding the conduct of the Plaintiff as set forth above with no evidence to support such claims and further with in spite of the rejection of aforesaid claims of the defendant Whitney, the Defendant Terminated Rogers based on the aforesaid false statement of Whitney with full knowledge that said accusations had no legal basis since the Defendant, NSTAR provided its own legal counsel to Whitney at the District Court hearing. As a result of

these misrepresentations, fraud and deceit committed by the Defendants,

Rogers has sustained significant damages.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this

Court deems just and appropriate with interest, cost of this action including attorneys'

fees.

## III. Intentional, Improper Interference with Contractual Relationship

24. The plaintiff, Rogers, repeats and re-alleges paragraphs one through

    twenty - three above as if expressly set forth fully hereinafter.

25. At all relevant times herein, Rogers had specific written and/or implied

    terms of employment with NSTAR. The Defendant Whitney knowingly

    and/or wrongfully attempted to and did interfere with Rogers' employment

    contract. The defendant Whitney interference with Rogers' contractual

    relationship with NSTAR was wrongful and intentional and done through

    improper motives and means so as to cause Rogers to sustain harm and

    damages as a result of their actions. As a result of said actions, Rogers has

    sustained significant damages.

    WHEREFORE, plaintiff demands judgment against all defendants in an

    amount this Court deems just and appropriate with interest, cost of this

    action including attorneys' fees.

## IV. Intentional, Improper Interference with Advantageous Business Relationship

26. The plaintiff repeats and re-alleges paragraphs one through twenty -five as if expressly set forth fully hereinafter.

27. At all relevant times herein, Rogers had a written employment contract with NSTAR. The defendant Whitney knowingly and/or wrongfully attempted to and did interfere with Rogers' advantageous business relationship with NSTAR. The Whitney's interference with Rogers' business relationship with NSTAR was wrongful and intentional and done through improper motives and means so as to cause Rogers to sustain harm and damages. As a result of her actions, Rogers has sustained significant damages.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## V. Intentional Infliction of Emotional Distress

28. The plaintiff repeats and re-alleges paragraphs one through twenty-seven as if expressly set forth fully hereinafter.

29. The defendants through their conduct, which was extreme and outrageous, as set fort above have intentionally caused Rogers to suffer emotional distress as demonstrated by physical manifestations. As a result of the defendants' intentional infliction of emotional distress, Rogers has

sustained permanent and serious personal injuries including but not limited to pain and suffering and emotional damage.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## VI. Negligent Infliction of Emotional Distress

30. The plaintiff, repeats and re-alleges paragraphs one through twenty-nine as if expressly set forth fully hereinafter.

31. The defendants through their conduct as set fort above have negligently caused Rogers to suffer emotional distress as demonstrated by physical manifestations. As a result of the defendants' negligent infliction of emotional distress, Rogers has sustained permanent and serious personal injuries including but not limited to pain and suffering and emotional damage.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## VII. Negligent Breach of Contract Duty

32. The plaintiff repeats and re-alleges paragraphs one through thirty-one as if expressly set forth fully hereinafter.

33. Based upon the conduct of the defendants, all defendants have negligently breached their contractual duties to the plaintiff. The defendants were

8

obligated to exercise due care in the performance of their duties and have

negligently and carelessly breach their duties causing significant harm,

injury and damages to Rogers.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this

Court deems just and appropriate with interest, cost of this action including attorneys'

fees.

## VIII. Negligent Misrepresentation

34. The plaintiff repeats and re-alleges paragraphs one through thirty-three as
if expressly set forth fully hereinafter.

35. The defendant NSTAR failed to exercise reasonable care and competence
in relying upon claims made against Rogers by the Defendant Whitney,
and supported such misrepresentations to a court of law and acted upon
said misrepresentation by terminating Rogers, causing him to sustain
significant damages, including damage to his professional reputation
making reemployment almost impossible.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this

Court deems just and appropriate with interest, cost of this action including attorneys'

fees.

## IX. Breach of Employment Contract

36. The plaintiff repeats and re-alleges paragraphs one through thirty-five as if
expressly set forth fully hereinafter.

37. The Defendant NSTAR relied upon false and mistaken information in making its decision to terminate the employment of the plaintiff herein.

38. Despite that the Defendant knew there was no legal basis to any of the claims made by the Defendant Whitney against the Plaintiff, Nstar terminated despite a long service to the company and good job performance all in direct violation of the Plaintiff's contract.

39. At the time of his termination, the Plaintiff Rogers was employed pursuant to a written contract executed, October 1, 2001, by NSTAR and the Utility Workers Union of America, A.F.L.-C.I.O. and Local 369, U.W.U.A., A.F.L.-C.I.O., of which the Plaintiff Rogers was a member at the time in good standing, and aforesaid contract was in full force and effect at the time of his termination.

40. As a result of the actions of the defendants set forth above, the defendants breached their employment contract by wrongfully terminating Rogers causing him to sustain damages, i.e. loss of job, compensation and benefits to which he was otherwise entitled.

WHEREFORE, plaintiff demands judgment against all defendants in an amount this Court deems just and appropriate with interest, cost of this action including attorneys' fees.

## X.   Slander and Libel

41. The plaintiff repeats and re-alleges paragraphs one through forty as if expressly set forth fully hereinafter.

42. The Defendants did knowingly state and publish false statements accusing the Plaintiff of committing a criminal act, which has detrimentally affected

10

his reputation in his work community and makes reemployment extremely difficult.

43. The Plaintiff's permanent employment record is marred by the false allegations made by the defendants and recorded in Plaintiff's personnel file.

44. As result of the Actions of the Defendants as asset forth above, the Plaintiff's reputation has been irreparably damaged and caused extreme financial hardship and loss.

WHEREFORE, Plaintiff, demands judgment against all Defendants in an amount this Court deems just and appropriate with interest, cost of this action, including attorneys' fees.

**THE PLAINTIFF DEMANDS A JURY TRIAL.**

James A. Rogers
The Plaintiff,
By His Attorney

Joseph R. Gallitano
Gallitano & Associates
34 Main Street Ext. Suite 202
Plymouth, MA  02360
(508) 746-1500
Dated:  August 10, 2004          BBO # 183700

CERTIFICATE OF SERVICE

I, Joseph R. Gallitano, Esq., hereby certify that I have served a copy of the Plaintiff James A. Roger's Motion to Amend Verified Complaint and Amended Verified Complaint upon all counsel of record this 10th day of August, 2004.

Joseph R. Gallitano

## VERIFICATION OF AMENDED COMPLAINT

I, James A. Rogers, being first duly sworn, state that I am the plaintiff in the above-entitled action, that I have read the foregoing Amended Verified Complaint and know the contents thereof, and that the same is true to my own knowledge and belief.

James A. Rogers

DATED: July 19, 2004