UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**JAMES A. ROGERS,**            \*
                                \*
     **Plaintiff,**       \*
                                \*
v.                              \*   Civil Action No. 04-11190-RCL
                                \*
**NSTAR ELECTRIC and**          \*
**KIMBERLY WHITNEY,**           \*
                                \*
     **Defendants**       \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATEMENT OF UNDISPUTED, MATERIAL FACTS
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT
### KIMBERLY WHITNEY

Pursuant to Local Rule 56.1, Defendant Kimberly Whitney ("Ms. Whitney") submits this Statement of Undisputed, Material Facts in Support of her Motion for Summary Judgment:

1.   NSTAR Electric and Gas Corporation ("NSTAR") is a duly organized corporation with a principal place of business in Westwood, Massachusetts. (Verified Amended Complaint, ("Complaint"), par. 2, Exh. 1 to Defendant's Appendix; Answer of Defendant Kimberly Whitney ("Answer"), Exh. 2 to Defendant's Appendix). FN1

2.   Ms. Whitney resides at 52 Old Colony Drive, Mashpee, Massachusetts. (Complaint, par. 3; Answer, par. 3).

3.   At all times pertinent to the allegations in the Complaint, Ms. Whitney was employed as an Employee and Labor Relations Consultant for NSTAR. (Complaint, par. 3; Answer, par. 3).

4.   Plaintiff James Rogers ("Mr. Rogers") was employed at NSTAR and its predecessors between April 1, 1986 and May 2001, during which time his employment was covered by a

---

1 Copies of all referenced documents are included in the "Appendix to Motion for Summary

collective bargaining agreement ("CBA").  (Complaint, pars. 1, 1 (Facts), 17 (Facts), 19 (Facts); Answer, pars. 17 (Facts), 19 (Facts)).

5. Between August 30, 2000 and February 2001, Ms. Whitney received a series of telephone calls at work which she considered to be harassing.  (Complaint, pars. 2-6 (Facts)); Answer, pars. 2-6 (Facts)).

6. After the phone call in February 2001, Ms. Whitney notified the Wareham Police Department of the calls, after which the Police Department and Verizon placed a tap on Ms. Whitney's work phone.  (Complaint, pars. 7-8 (Facts); Answer, pars. 7-8 (Facts)).

7. Ms. Whitney received another in the series of calls on March 30, 2001.  (Complaint, par. 9 (Facts); Answer, par. 9 (Facts)).

8. Upon receiving the March 30th call, Ms. Whitney activated the phone tap, allowing Verizon to identify for the Wareham Police that the call had been placed by Mr. Rogers. (Complaint, pars. 10, 11 (Facts); Answer, pars. 10, 11 (Facts)).

9. On May 11, 2001, Ms. Whitney testified under oath at a Show Cause Hearing at the Wareham District Court, conducted by an Assistant Clerk-Magistrate, on a charge of annoying phone calls and criminal harassment brought by the Wareham Police Department against Mr. Rogers.  (See Complaint, par. 14 (Facts); Transcript of Show Case Hearing, at 2, Exh. 5 to Defendant's Appendix).

10. After the hearing, the Assistant-Magistrate did not issue charges against Mr. Rogers. (See Complaint (Facts), par. 15; Answer, par. 15 (Facts)).

11. NSTAR terminated Mr. Rogers's employment on or about May 18, 2001, due to the

---

Judgment of Defendant Kimberly Whitney" ("Defendant's Appendix"), submitted herewith.

allegations of harassing phone calls against him. (Complaint, par. 17 (Facts); Answer, par. 17 (Facts)).

12.  Mr. Rogers exhausted all remedies under the CBA, including arbitration, but the Arbitrator upheld under the CBA the decision of NSTAR to terminate his employment. (See Complaint, par. 19 (Facts); Answer, par. 19 (Facts); Exh. 8 to Defendant's Appendix).

13.  Both NSTAR and Mr. Rogers's labor union filed briefs following the arbitration. (See Exhs. 6 and 7 to Defendant's Appendix).

14.  Mr. Rogers alleged in his Complaint that he did not know Ms. Whitney, and had never talked to her before the allegations of harassing phone calls were brought against him. (Complaint, par. 13 (Facts)).

15.  At the Show Cause Hearing on May 11, 2001, Ms. Whitney testified under oath that she had never met Mr. Rogers. (Transcript of Show Cause Hearing, at 20).

16.  At the arbitration hearing conducted in February 2002, Ms. Whitney, as well as Mr. Rogers, both testified under oath to their recollection that the only occasion on which they came into contact with each other was on or about July 31, 2000, when Ms. Whitney made a presentation to a group of employees about NSTAR's policy of zero tolerance toward workplace violence and harassment, and a new Code of Conduct. (Arbitration Transcript, 65-70, 195-197, Exh. 3 to Defendant's Appendix; Company Exhibit 5 to Arbitration Transcript, Exh. 4 to Defendant's Appendix).

                        Respectfully submitted,

                        KIMBERLY WHITNEY,

                        By her Attorneys,

                        MORGAN, BROWN & JOY, LLP
                        200 State Street, 11th Floor
                        Boston, MA 02109-2605
                        (617) 523-6666

                        By:    s/Robert P. Morris
                                Keith H. McCown
                                B.B.O. #329980
                                Robert P. Morris
                                B.B.O. #546052

Dated:   January 10, 2006

## CERTIFICATE OF SERVICE

       I, Robert P. Morris, hereby certify that on January 10, 2006, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

                                            /s/Robert P. Morris
                                            Robert P. Morris