UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***************************************
JAMES A. ROGERS,                      *
                                      *
              Plaintiff,              *
                                      *
v.                                    *        Civil Action No. 04-11190-RCL
                                      *
NSTAR ELECTRIC and                    *
KIMBERLY WHITNEY,                     *
                                      *
              Defendants              *
***************************************
```

## ANSWER OF DEFENDANT KIMBERLY WHITNEY
## TO VERIFIED COMPLAINT

For her answer to the Verified Complaint, Defendant Kimberly Whitney ("Ms. Whitney") says as follows in response to the numbered paragraphs in the Verified Complaint ("Complaint"):

1.    Ms. Whitney admits that the Plaintiff is an individual, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint.

2.    Admitted, except Ms. Whitney denies that "NSTAR Electric" is a duly organized corporation.

3.    Admitted, except Ms. Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 3 of the Complaint.

## FACTS

1.    Ms. Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint (Facts).

2. Denied. Further answering, Ms. Whitney states that paragraph 2 is an incomplete description of a harassing telephone call she received on or about August 30, 2000.

3. Denied, except Ms. Whitney admits that she received a harassing telephone call on or about August 30, 2000 and that she did not recognize the caller.

4. Denied, except Ms. Whitney admits that she received another harassing telephone call at work in or about December of 2000.

5. Denied, except Ms. Whitney admits that she received another harassing telephone call at work in or about January of 2001.

6. Denied, except Ms. Whitney admits that she received another harassing telephone call at work in or about February of 2001.

7. Admitted, except Ms. Whitney is without knowledge or information sufficient to form a belief as to the truth of the allegation that she "file[d] a complaint" with the Wareham Police Department.

8. Ms. Whitney admits that "call trace" was placed on her phone at NSTAR Electric and Gas Corporation ("NSTAR") after consultation with the Wareham Police and Verizon, but she is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9. Denied, except Ms. Whitney admits that she received another harassing telephone call at work on or about March 30, 2001.

10. Ms. Whitney admits the allegations in paragraph 10 with respect to her use of "call trace," but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. Ms. Whitney admits that the "call trace" report provided by the Wareham Police

showed that Plaintiff made the call on March 30, 2001, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12. Denied, except Ms. Whitney is without knowledge or information sufficient to form a belief as to whether she and Plaintiff's girlfriend worked at the same office complex of NSTAR.

13. Denied, except Ms. Whitney admits that only one harassing phone call to her was traced to Plaintiff.

14. Denied.

15. Ms. Whitney admits that in 2002 a Clerk Magistrate did not issue formal charges against Plaintiff, but she is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16. Ms. Whitney admits that she appealed the Clerk Magistrate's ruling to a District Court Judge, but she is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. Denied, except Ms. Whitney admits that NSTAR terminated Plaintiff on or about May 18, 2001 based in part upon information provided by Ms. Whitney.

18. Denied.

19. Denied, except Ms. Whitney admits that Plaintiff was employed under a union contract, and exhausted his remedies thereunder.


## CAUSES OF ACTION

I.    **Wrongful Termination and Breach of the Covenant of Good Faith and Fair**

3

**Dealing**

20.    Ms. Whitney repeats her responses to paragraphs 1-3, and paragraphs 1-19 of the Complaint (Facts) as if set forth herein.

21.    No response is required to the allegations in paragraph 21 of the Complaint (Causes of Action), because such allegations have been dismissed.

**II.    Misrepresentation, Fraud and Deceit**

22.    Ms. Whitney repeats her responses to paragraphs 1-3, and paragraphs 1-21 of the Complaint (Facts and Causes of Action) as if set forth herein.

23.    No response is required to the allegations in paragraph 23 of the Complaint (Causes of Action), because such allegations have been dismissed.

**III.    Intentional, Improper Interference with Contractual Relationship**

24.    Ms. Whitney repeats her responses to paragraphs 1-3, and 1-23 of the Complaint (Facts and Causes of Action) as if set forth herein.

25.    No response is required to the allegations in paragraph 25 of the Complaint (Causes of Action), because such allegations have been dismissed.

**IV.    Intentional, Improper Interference with Advantageous Relationship**

26.    Ms. Whitney repeats and realleges her responses to paragraphs 1-3 of the Complaint, and paragraphs 1-25 of the Complaint (Facts and Causes of Action) as if set forth herein.

27.    Denied.

**V.    Intentional Infliction of Emotional Distress**

28.    Ms. Whitney repeats her responses to paragraphs 1-3 of the Complaint, and paragraphs 1-27 of the Complaint (Facts and Causes of Action) as if set forth herein.

4

29.    No response is required to the allegations in paragraph 29 of the Complaint (Causes of Action), because such allegations have been dismissed.

**VI.    Negligent Infliction of Emotional Distress**

30.    Ms. Whitney repeats her responses to paragraphs 1-3 of the Complaint, and paragraphs 1-29 of the Complaint (Facts and Causes of Action) as if set forth herein.

31.    No response is required to the allegations in paragraph 31 of the Complaint (Causes of Action), because such allegations have been dismissed.

**VII.    Negligent Breach of Contract Duty**

32.    Ms. Whitney repeats her responses to paragraphs 1-3 of the Complaint, and paragraphs 1-31 of the Complaint (Facts and Causes of Action) as if set forth herein.

33.    No response is required to the allegations in paragraph 33 of the Complaint (Causes of Action), because such allegations have been dismissed.

**VIII.    Negligent Misrepresentation.**

34.    Ms. Whitney repeats her responses to paragraphs 1-3 of the Complaint, and paragraphs 1-33 of the Complaint (Facts and Causes of Action) as if set forth herein.

35.    No response is required to the allegations in paragraph 35 of the Complaint (Causes of Action), because such allegations have been dismissed.

**IX.    Breach of Employment Contract**

36.    Ms. Whitney repeats her responses to paragraphs 1-3 of the Complaint, and paragraphs 1-35 of the Complaint (Facts and Causes of Action) as if set forth herein.

37.    No response is required to the allegations in paragraph 37 of the Complaint (Causes of Action), because such allegations have been dismissed.

38.    No response is required to the allegations in paragraph 38 of the Complaint (Causes

of Action), because such allegations have been dismissed.

39.     No response is required to the allegations in paragraph 39 of the Complaint (Causes of Action), because such allegations have been dismissed.

40.     No response is required to the allegations in paragraph 40 of the Complaint (Causes of Action), because such allegations have been dismissed.

**X.     Slander and Libel**

41.     Ms. Whitney repeats her responses to paragraphs 1-3 of the Complaint, and paragraphs 1-40 of the Complaint (Facts and Causes of Action) as if set forth herein.

42.     Denied.

43.     Denied.

44.     Denied.

**AFFIRMATIVE DEFENSES**

1.     The Complaint fails in whole or in part to state a claim upon which relief can be granted.

2.     The Complaint is preempted in whole or in part by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

3.     Any defamatory communications by Ms. Whitney about Plaintiff were true.

4.     Any defamatory communications by Ms. Whitney about Plaintiff were privileged.

5.     Ms. Whitney was privileged to interfere with Plaintiff's contractual and/or advantageous business relationship with NSTAR.

6.     Plaintiff is precluded from bringing this action by the doctrines of res judicata and/or collateral estoppel.

WHEREFORE, having answered herein, Ms. Whitney prays that the Complaint

be dismissed in its entirety, with prejudice, and that Ms. Whitney be awarded her costs,

attorneys' fees, and such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

KIMBERLY WHITNEY,

By her Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

By:    s/Keith H. McCown
       Keith H. McCown
       B.B.O. #329980
       Robert P. Morris
       B.B.O. #546052

Dated:  September 30, 2005