UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*************************************
JAMES A. ROGERS,                    *
                                    *
        Plaintiff,                  *
                                    *
v.                                  *    Civil Action No. 04-11190-RCL
                                    *
NSTAR ELECTRIC AND GAS              *
CORPORATION and KIMBERLY            *
WHITNEY,                            *
                                    *
        Defendants                  *
*************************************

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT KIMBERLY WHITNEY TO STAY DISCOVERY AND FOR PROTECTIVE ORDER**

Defendant Kimberly Whitney ("Ms. Whitney") moves to stay discovery in this action pending resolution of her Motion for Summary Judgment, filed on January 10, 2006. Ms. Whitney further moves for a protective order to quash two (2) depositions noticed for January 31, 2006 and February 2, 2006. The depositions noticed by Plaintiff, and any further discovery, are irrelevant to the issues raised by Ms. Whitney's motion.

**A.    Background**

Plaintiff brought this action in 2004, alleging ten (10) counts against his former employer, NSTAR Electric and Gas Corporation ("NSTAR"), and Ms. Whitney, an NSTAR employee. Plaintiff brought this action after his labor union unsuccessfully arbitrated his termination from employment for making obscene telephone calls to Ms. Whitney. Following a motion to dismiss filed by both Defendants, this Court dismissed all counts as to NSTAR, and left just two (2) counts standing as to Ms. Whitney (intentional interference with advantageous relations, defamation). See Rogers v. NSTAR Electric, 389 F.Supp.2d 100 (D. Mass. 2005).

On January 10, 2006, Ms. Whitney filed a Motion for Summary Judgment. Instead of waiting until the end of discovery, Ms. Whitney filed this motion now because no amount of discovery will aid Plaintiff in establishing his remaining claims. As discussed in the summary judgment pleadings, an essential element of Plaintiff's claim for intentional interference with advantageous relations is that Ms. Whitney harbored malice toward Plaintiff. However, based on sworn testimony of Ms. Whitney and Plaintiff at an arbitration hearing (and of Ms. Whitney at a hearing on a criminal complaint), it is undisputed that Ms. Whitney and Plaintiff did not know each other until Plaintiff was identified as making obscene calls to Ms. Whitney. Thus, the element of malice cannot be established. In addition, Mr. Rogers's claim for defamation fails because it is based on statements allegedly made at a hearing on a criminal complaint. Statements made at such proceedings are absolutely privileged.

Also on January 10, 2006 -- the day after Ms. Whitney's counsel notified Plaintiff's counsel pursuant to Local Rule 7.1(A)(2) of Whitney's intent to file for summary judgment -- Plaintiff noticed Ms. Whitney's deposition for January 31, and another deposition (Betty Clark) for February 2, 2006. These notices are attached hereto (Exhibits 1 and 2).

On January 11, 2006, in accordance with Local Rule 37.1, a discovery conference was conducted on the issues raised by the instant motion. Joseph Gallitano, counsel for Plaintiff and Robert P. Morris, co-counsel for Ms. Whitney, participated in this conference by telephone. The conference lasted approximately five (5) minutes. The parties did not reach agreement on whether discovery should proceed while the motion for summary judgment is pending.

B.  **Argument: Discovery Should Be Stayed Pending The Resolution Of Ms. Whitney's Motion for Summary Judgment**.

The depositions noticed by Plaintiff should be quashed, and no further depositions or discovery allowed, pending the resolution of Ms. Whitney's Motion for Summary Judgment. The present motion does not depend on facts which could be altered through discovery. As discussed in Ms. Whitney's Motion for Summary Judgment, both Plaintiff and Ms. Whitney have testified under oath about their lack of knowledge of each other before the last obscene call that was traced to Plaintiff's phone number. Plaintiff's Verified Amended Complaint likewise concedes that Plaintiff didn't know Ms. Whitney. Thus, the requisite element of malice on the claim of intentional interference with advantageous relations cannot be established. In addition, discovery is irrelevant to whether Plaintiff's defamation claim is barred by an absolute privilege.

Thus, Ms. Whitney will be put to undue burden and expense, and will be unnecessarily annoyed and oppressed, see Fed. R. Civ. P. 26(c), if the noticed depositions proceed, or if any other discovery occurs, prior to the disposition of her Motion for Summary Judgment. The grounds raised by Ms. Whitney in her summary judgment motion are not subject to change as a result of depositions or other discovery.

C.  **Conclusion**

For all the above reasons, Ms. Whitney's motion should be allowed, the depositions noticed for January 31 and February 2 should be quashed, and no further discovery should be had until the motion for summary judgment is decided.

Respectfully submitted,

KIMBERLY WHITNEY,

By her Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

By: /s/Robert P. Morris
    Keith H. McCown
    B.B.O. #329980
    Robert P. Morris
    B.B.O. #546052

Dated:   January 11, 2006

## CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on January 11, 2006, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

s/Robert P. Morris
Robert P. Morris