UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. ROGERS )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>KIMBERLY WHITNEY )<br>   Defendants. ) | C.A. No. 11190-RCL |

**PLAINTIFF JAMES A. ROGER'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S MOTION TO RESERVE RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(F) TO PERMIT DISCOVERY**

1. The plaintiff, James A. Rogers, hereinafter referred to as Rogers, is an individual, residing at 43 Crabtree Road, Plymouth, Plymouth County, Massachusetts.

2. The Defendant, Kimberly Whitney, hereinafter referred to as Whitney, is an individual residing at 52 Old Colony Drive, Mashpee, Massachusetts, 02649. At all times relevant in this complaint Whitney was the Employee and Labor Relations Consultant at NSTAR.

**FACTS**

3. On or about August 30, 2000, the Defendant Whitney claims she received a phone call at work. The person on the other end of the phone whispered, "Hi Kim, how are you" and "No, Kim, don't hang up now" and said nothing else.

4. The Defendant Whitney did not recognize the voice at all, so after a moment she hung up the phone.

5. In December of 2000, the Defendant Whitney claims she received another call at work, this time she states there was no whispering on the other end of the phone.

1

6. In January of 2001, the Defendant Whitney received another phone call at work. This time she claims there was breathing on the other end of the phone.

7. In February of 2001, the Defendant claimed she heard the person on the other end of the phone masturbating in the background.

8. The Defendant Whitney notified NSTAR security and drove to the Wareham Police Department to file a complaint.

9. The Wareham Police Department and Verizon placed a tap on the Defendant's work phone.

10. On March 30, 2001, another call came in and the person on the other end of the phone was breathing.

11. The Defendant activated the phone tap and notified NSTAR security and they notified the Wareham Police.

12. The Wareham Police received a printout from Verizon that indicated that the last call came from an employee of NSTAR, James Rogers.

13. The Plaintiff's girlfriend also worked at the same office complex of NSTAR and said it was well known that the telephone switching system was often in error connecting people to the wrong party in error.

14. Further only one instance of a phone call to the Defendant Whitney was ever traced indicating it could have come from the Plaintiff herein, far below the minimum of three calls required to establish a valid trace; and the Plaintiff never knowingly placed a call at anytime to the Defendant Whitney since he did not know her or had ever talked to her before this incident alleged by her accusing him of making annoying phone calls to her.

15.     On May 11, 2001 the Defendant Whitney assisted by counsel for NSTAR, attended a hearing before the Clerk Magistrate of the Wareham District court, based upon accusations made by the Defendant, Whitney, against Rogers for annoying phone calls and criminal harassment.

16.     After a full probable cause hearing the Clerk Magistrate ruled there was no evidence to warrant the issuance of formal charges against the Plaintiff Rogers since no proof was produced that identified him in any way as a person making annoying calls or that there even were any phone calls made as complained by the Defendant Whitney.

17.     The Defendant Whitney appealed the Clerk Magistrate's ruling to a District Court Judge, but the District Attorney's office refused to bring the matter forward due to a lack of sufficient evidence.

18.     On May 18, 2001 the Plaintiff, Rogers was terminated from NSTAR, based upon the complaint s registered by the Defendant Whitney despite no charges were ever brought against the Plaintiff and there was no basis for the charges made by the Defendant Whitney.

19.     As result of the false allegations made against him by Whitney resulting in his termination of his employment by NSTAR, Rogers has suffered irreparable harm to his reputation making reemployment almost impossible, has suffered loss of income of salary and benefits, of a minimum of $50,000.00 per year and now in excess of $150,000.00.

## **THE STANDARD OF REVIEW**

Summary judgment is appropriate only where there are no issues of material fact in dispute and substantive law supports a judgment for the moving party. Mass. R. Civ. P. 56; Theran v. Rokoff, 413 Mass. 590, 591, 602 N.E.2d 191, 192 (1992); Correllas v. Viveiros, 410 Mass. 314, 316, 572 N.E.2d 7, 9 (1991). The party moving for summary judgment must affirmatively demonstrate that there are no genuine issues of material fact. Attorney General v. Bailey, 386 Mass. 367, 436 N.E.2d 139 (1982). When considering a motion for summary judgment a court must not weigh the evidence or determine the credibility of the evidence. Riley v. Presnell, 409 Mass. 239, 565 N.E.2d 780 (1991). The Defendant Whitney being the party moving for summary judgment, has "the initial burden to show that there is no genuine issue as to any material fact and that [they are] entitled to a judgment as a matter of law." Godbout v. Cousens, 396 Mass. 254, 257, 485 N.E.2d 940, 942 (1985) (quoting Mass. R. Civ. P. 56 (c)). "Until that burden is satisfied the opposing party is not obliged to present materials in opposition to the motion". Berrios v. Perchik, 20 Mass. App. Ct. 930; 479 N.E.2d 695 (citing Davidson Pipe Supply Co v. Johnson, 14 Mass. App. Ct. 518, 524, 440 N.E.2d 1194; Foley v. Mautulewicz, 17 Mass. App. Ct. 1004, 1006, 459 N.E.2d 1262; Moore's Federal Practice §§ 56.10[4][b]; 56.11; 56.13 (Matthew Bender 3d 3e.)). If Defendants meet "their burden in moving for summary judgment," then the burden will shift" "to the plaintiffs to show with admissible evidence the existence of a dispute as to material facts." Godbout v. Cousens, 396 Mass. 254, 261, 485 N.E.2d 940, 945 (1985). Summary judgment shall be "rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together

4

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56(c).

## ARGUMENT

The defendants' Motion for Summary Judgment should be denied as it is premature because the Plaintiff has not yet begun, let alone completed discovery and is therefore unable to present facts at this time essential to justify his Opposition to the Defendant's Motion for Summary Judgment. In the alternative, this Honorable Court should grant a continuance pursuant to Mass. R. Civ. P. 56 (f). Furthermore, the Defendant's Motion for Summary Judgment should be denied as several material issues of fact exist including the following:

**I.** The Plaintiff was never actually identified by any one as the person who made any kind of harassing phone call. The one call traced to the Plaintiff's telephone, consisted of a few seconds of silence. The Defendant alleges she heard breathing, which is disputed by the Plaintiff. At most his call if in fact was from him was a hang up by him. He frequently called the Defendant's place of work because the Plaintiff's girlfriend worked in the same building.

The Plaintiff alleges that it was well known that the automatic switch board often routed calls to the wrong telephone. Plaintiff's girlfriend Betty Clark can testify to some of the aforesaid facts if the Plaintiff is afforded the opportunity to depose her.

**II.** The Plaintiff believes the Defendant is being malicious in causing him to lose his job after the local Clerk Magistrate denied her application for a criminal complaint

against the Plaintiff herein, Rogers. (See Affidavit of Plaintiff James Rogers annexed hereto and made a part hereof as Exhibit A).

**INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP.**

The Plaintiff was employed with NStar and was under a union contract. The offense was a non-union issue since it did not involve any work related activity.

The Defendant, after losing her attempt to have a criminal complaint issue due to no evidence that the Plaintiff called her on the phone and spoke to her, the Defendant still persisted to have the Plaintiff terminated from his employment. She was an officer of the same company and by refusing to admit she may have been wrong in accusing the Plaintiff of something he clearly did not do, she maliciously used her position in the company to have him terminated.

As a result of the Defendant's interference, the Plaintiff lost all the income and benefits he derived from the business and contractual relationship he had with NStar.

**DEFAMATION AND SLANDER**

The actions and statements of the Defendant within the criminal complaint application procedure are privileged. But the application having been denied does not give a privilege to have the same charges to be used by the Defendant in the Plaintiff's work place to brand him a sex offender and have him discharged. The Defendant casts the fact pattern in a conclusive cloud, knowing that the facts are disputed. No privilege exists to protect statements made and actions taken in the private work sector outside the frame work of the criminal judicial system where the Defendant failed completely to

meet her burden to establish her charges against the Plaintiff, not once, but twice by appealing the ruling of the Clerk-Magistrate and failed again to have a complaint issue.

The stigma cast upon the Plaintiff by the Defendant has grossly damaged his reputation preventing him from gaining employment as a line man for over five years, resulting in a financial loss in excess of $250,000.00.

The Plaintiff contends that there exists disputed facts and given the opportunity of discovery as requested herein, he can support his claims. The Plaintiff alleges the Defendant acted in a malicious manner by insisting the Plaintiff be terminated from NStar, where Defendant serves as a Human Resource director.  Further the Plaintiff believes that she used her position in NStar to improperly influence the Company to terminate him.

The Plaintiff has information and belief that other parties at an executive level at NStar were harassing her and that the Plaintiff is being used as an escape goat to save face for the Defendant and other NStar officials.


**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THE MOTION IS PREMATURE AS DISCOVERY HAS NOT BEEN COMPLETED AND THE PLAINTIFFS DO NOT YET HAVE THE FACTS ESSENTIAL TO JUSTIFY THEIR OPPOSITION TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.**


The Plaintiff, despite reasonable efforts, does not yet have all the facts essential to justify his Opposition to the Defendant's Motion for Summary Judgment because discovery has not yet begun. Therefore this Honorable Court should deny the Defendant's Motion for Summary Judgment. Massachusetts Rules of Civil Procedure provides as follows:

7

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment...

Mass. R. Civ. P. 56(f).

In considering a Motion for Summary Judgment, the Court can consider the "pleadings, depositions,[1] answers to interrogatories,[2] and admissions on file, together with the affidavits." Mass. R. Civ. P. 56(c). The Plaintiff, however, is unable to present this Court with facts from depositions or answers to interrogatories since the Plaintiff has not begun the discovery period and discovery has not taken place. (See Affidavit of Counsel for the Plaintiff, annexed hereto and made a part hereof as Exhibit B). Plaintiff's counsel has submitted a Rule 56(f) affidavit stating that the Plaintiff is unable to justify their Opposition to the Motion for Summary Judgment at this time as they do not have sufficient facts because discovery has not been completed and in fact has just begun. Thus, as the Plaintiff does not have facts necessary to justify their opposition to the Defendant's Motion for Summary Judgment, this Honorable Court should deny the Defendant's Motion for Summary Judgment pursuant to Mass. R. Civ. P. 56(f).

**IN THE ALTERNATIVE TO DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, THIS COURT SHOULD ORDER A CONTINUANCE TO ALLOW THE PLAINTIFF TO COMPLETE DISCOVERY AND TO TAKE DEPOSITIONS NECESSARY TO OBTAIN THE FACTS ESSENTIAL TO JUSTIFY THEIR OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**

In the alternative to denying the Defendant's Motion for Summary Judgment, the Court should grant a continuance to allow the Plaintiff to finish conducting discovery in order to obtain the facts necessary to justify their opposition to the Defendant's Motion for Summary Judgment. Massachusetts Rules of Civil Procedure provides as follows:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Mass. R. Civ. P. 56(f).

A continuance is appropriate when the opposing party demonstrates that without further discovery it can not present by affidavit the facts necessary to justify its opposition. *See* Com v. Fall River Motor Sales, Inc., 409 Mass. 302, 565 N.E.2d 1205. The Supreme Judicial Court of Massachusetts has ruled that where a plaintiff argued that the "entry of summary judgment was premature because she did not have time to complete discovery ... she [the plaintiff] was required to file an affidavit representing that for reasons stated [she could not] present by affidavit facts essential to justify [her] opinion' and requesting a continuance to complete discovery." *Godbout v. Emma Cousens*, 396 Mass. 254, 262, 485 N.E.2d 940, 945 (1985) (quoting Mass. R. Civ. P. 56(f)). The Plaintiffs have complied with Mass. R. Civ. P. 56(f) and have stated, in an affidavit, that they do not have the facts essential to justify their opposition to the Motion for Summary Judgment. The Plaintiff issued Notices of Deposition to the Defendant, Whitney and to Betty Clark, by subpoena, for depositions scheduled for January 31, 2006, and February 2, 2006, which were stayed until the Court makes a ruling on the Motion for Summary Judgment. The Court should deny the Motion or remove the stay and continue the Motion for Summary Judgment until after the Plaintiff has conducted the two aforesaid Depositions and propounded interrogatories and received responses to same. As discovery is not yet complete, the Defendant's Motion for Summary Judgment is premature and the Plaintiff requires more time and information in order to accurately

respond to said motion. The Plaintiff has complied with Mass. R. Civ. P. 56 (f) by filing counsel's affidavit therefore, in the alternative to denying the Motion for Summary Judgment, a continuance should be granted to allow the Plaintiff to complete discovery.

The Plaintiff contends there are disputed facts and given the opportunity of discovery, as originally allowed by the Court at its Scheduling Conference, the Plaintiff will be able to establish the evidence to defeat a Motion for Summary Judgment. See Commonwealth v. Aluminum Corporation, et al v. Frank Markowitz, et al, 164 F.R.D. 117; 1995 U.S. Dist. LEXIS 20649, October 3, 1995, annexed hereto as Case # 1.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests this Court to deny Defendant Kimberly Whitney's Motion for Summary Judgment because it is premature as discovery has not yet been completed and there are several material issues of fact for the jury to determine or in the alternative to denying the Motion for Summary Judgment, a continuance should be granted to allow the Plaintiff to complete discovery. The Plaintiff is entitled to the benefit of the discovery orders issued as a result of the scheduling conference in which the Court agreed that Plaintiff should have the opportunity to conduct some initial discovery as requested herein.

> RESPECTFULLY SUBMITTED,
> James Rogers, The Plaintiff,
> By His Attorney
>
> */s/Joseph R. Gallitano*
> Joseph R. Gallitano
> Gallitano & Associates
> 34 Main Street Ext. Suite 202
> Plymouth, MA  02360
> (508) 746-1500
> BBO # 183700

Dated:  February 17, 2006

**CERTIFICATE OF SERVICE**

I, Joseph R. Gallitano, Esq., hereby certify that I have served a copy of the Plaintiff James A. Roger's Memorandum in Opposition to Defendants' Motion to Dismiss upon all counsel of record this 17th day of February, 2006.

/s/Joseph R. Gallitano
Joseph R. Gallitano