# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. ROGERS | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Civil Action No. 11190-RCL |
| | ) |
| KIMBERLY WHITNEY, Individually | ) |
| Defendants | ) |

**AFFIDAVIT OF THE PLAINTIFF, JAMES A. ROGERS,
IN SUPPORT OF HIS OPPOSITION TO THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1. I, James A. Rogers, the plaintiff herein, reside at 43 Crabtree Road, Plymouth,
Plymouth County, Massachusetts.

2. The defendant, Kimberly Whitney, hereinafter referred to as Whitney, is an
individual residing at 52 Old Colony Drive, Mashpee, Massachusetts, 02649. At all
times relevant in this complaint Whitney was the Employee and Labor Relations
Consultant at NSTAR.

3. On or about April 28, 1986, I commenced my employment with NSTAR. At
all times relevant hereto I had specific written and/or implied terms of employment
with NSTAR.

4. On or about August 30, 2000, according to the defendant, Whitney, she
received a phone call at work. The person on the other end of the phone whispered,
"Hi Kim, how are you" and "No, Kim, don't hang up now" and said nothing else.

5. The defendant Whitney did not recognize the voice at all, so after a moment
she hung up the phone.

6.  In December of 2000, the defendant Whitney reported she received another call at work, this time there was no whispering on the other end of the phone.

7.  In January of 2001, the defendant Whitney received another phone call at work. This time there was breathing on the other end of the phone.

8.  In February of 2001, the defendant Whitney claimed she heard the person on the other end of the phone masturbating in the background.

9.  The defendant Whitney notified NSTAR security and drove to the Wareham Police Department to file a complaint.

10. The Wareham Police Department and Verizon placed a tap on the defendant Whitney's work phone.

11. On March 30, 2001 another call came in, according to Whitney, and the person on the other end of the phone was breathing.

12. The defendant activated the phone tap and notified NSTAR security and they notified the Wareham Police.

13. The Wareham Police received a printout from Verizon that indicated that the last call came from my phone.

14. My girlfriend also worked at the same office complex of NSTAR and it was well known that the telephone switching system was often in error connecting people to the wrong party in error.

15. Further only one instance of a phone call to the defendant Whitney was ever traced indicating it could have come from me, far below the minimum of three calls required to establish a valid trace, and on that call no voice was heard at all.

2

16.  I never knowingly placed a call at anytime to the defendant Whitney since I did not know her or had ever talked to her before this incident alleged by her accusing me of making annoying phone calls to her.

17.  On May 11, 2001, the defendant Whitney assisted by counsel for NSTAR, attended a hearing before the Clerk Magistrate of the Wareham District court, based upon accusations made by the defendant, Whitney, against me for annoying phone calls and criminal harassment.

18.  After a full probable cause hearing, the Clerk Magistrate ruled there was no evidence to warrant the issuance of charges against me since no proof was produced that identified me in any way as the person making annoying calls or that there even were any phone calls made as complained by the defendant Whitney.

19.  The defendant Whitney appealed the Clerk Magistrate's ruling to a District Court Judge, but the District Attorney's office refused to bring the matter forward due to a lack of sufficient evidence.

20.  On May 18, 2001, I was terminated from NSTAR, based upon the complaints registered by the defendant Whitney despite no charges were ever brought against me and there was no basis for the charges made by the Defendant Whitney.

21.  As result of the false allegations made against me by Whitney and the termination of my employment by NSTAR, I have suffered irreparable harm to my reputation making reemployment almost impossible for over two years.

22.  I have suffered loss of income in the form of salary and benefits, of a minimum of $50,000.00 per year, and now in excess of $150,000.00.

3

23.  I was employed under a union contract and exhausted all my remedies administratively under said contract without result since the causes of action addressed herein are not union related issues covered by a collective bargaining agreement.  My claims are of a personal nature outside the scope of my employment.


Subscribed and sworn under the pains and penalties of perjury this 16th day of February 2006.


_James C. Rogers_
JAMES A. ROGERS

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. ROGERS<br>        Plaintiff, | )<br>)<br>) |
| v. | ) C.A. No. 11190-RCL<br>) |
| KIMBERLY WHITNEY<br>        Defendants. | )<br>) |

## RULE 56(F) AFFIDAVIT OF COUNSEL FOR THE PLAINTIFF, ATTORNEY JOSEPH R. GALLITANO, IN SUPPORT OF PLAINTIFF'S MOTION TO RESERVE RULING ON SUMMARY JUDGMENT UNTIL PLAINTIFF CONDUCTS DEPOSITIONS

Now comes the Plaintiff's counsel, Attorney Joseph R. Gallitano, and says the following:

1.    On November 16, 2005, the Court held a scheduling conference after denying Defendant's Motion to Dismiss as to Counts IV and X against the Defendant, Kimberly Whitney (hereinafter referred to as "Whitney").

2.    With Thanksgiving and Christmas approaching thereafter, Plaintiff's counsel decided to wait until after the Holidays to notice the Depositions of Kimberly Whitney and Betty Clark (hereinafter referred to as "Clark), at a time when his schedule would permit him to conduct said depositions.

3.    The Depositions of Whitney and Clark were noticed for January 31, 2006, and February 2, 2006, respectively.  See copies of said Notices marked Exhibit A and made a part hereof.

4.    The Discovery period has just begun and is scheduled to run until October 1, 2006.

1

5.    After denial of Defendant's Motion to Dismiss, Defendant's Counsel filed a Motion for Summary Judgment on January 10, 2006, and filed a Motion to Stay Discovery on January 11, 2006, until there is a ruling on the Motion for Summary Judgment.

6.    At the Scheduling Conference on November 16, 2005, the Honorable Judge Lindsay indicated and so ordered that he would allow Plaintiff at least some initial discovery.

7.    Plaintiff's counsel reminded Defendant's counsel of this ruling, made during the Court's Scheduling Conference, but Defendant's counsel was opposed to any discovery.

8.    Plaintiff's counsel has numerous issues, about which he would like to make inquiries at the Deposition of Whitney.

9.    Plaintiff's counsel believes Clark has information that will prove beneficial to Plaintiff in providing evidence to oppose the Defendant's Motion for Summary Judgment.

10.    Plaintiff counsel advises this Honorable Court that there are numerable discoverable issues that would aid counsel in establishing opposition to the Defendant's Motion for Summary Judgment, but without the benefit of depositions and interrogatories it is not possible to provide his client with necessary facts to oppose a Motion for Summary Judgment, without the benefit of the aforementioned discovery.

Subscribed and sworn to under the penalties of perjury this 17th day of February, 2006.

/s/ Joseph R. Gallitano
Joseph R. Gallitano

2

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. ROGERS | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 04-11190-RCL |
| | ) |
| KIMBERLY WHITNEY | ) |
| Defendants. | ) |

## NOTICE OF TAKING DEPOSITION

TO:    Robert P. Morris, Esq.
       Morgan, Brown & Joy, LLP
       One Boston Place
       Boston MA  02108-4472
       (617) 523-6666

Greetings:

Please take notice that at 1:00 p.m. on January 31, 2006, at the offices of Joseph

R. Gallitano, 34 Main Street Extension, Suite 202, Plymouth, MA, the plaintiff, James A.

Rogers, by his attorney will take the deposition upon oral examination of **The Plaintiff,**

**Kimberly Whitney,** pursuant to applicable provisions of the Federal Rules of Civil

Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or

before some officer authorized by law to administer oaths.  The oral examination will

continue from day to day until completed.

You are invited to attend and cross examine.

Joseph R. Gallitano
Attorney for the Plaintiff
34 Main Street Ext., Suite 202
Plymouth, MA  02360
(508) 746-1500
BBO 183700

Dated:  January 10, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. ROGERS<br>          Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 04-11190-RCL |
| KIMBERLY WHITNEY<br>          Defendants. | )<br>)<br>) |

## NOTICE OF TAKING DEPOSITION

TO:    Robert P. Morris, Esq.
       Morgan, Brown & Joy, LLP
       One Boston Place
       Boston MA  02108-4472
       (617) 523-6666

       Greetings:

       Please take notice that at 1:30 p.m. on February 2, 2006, at the offices of Joseph

R. Gallitano, 34 Main Street Extension, Suite 202, Plymouth, MA, the plaintiff, James A.

Rogers, by his attorney will take the deposition upon oral examination of **Betty Clark,**

pursuant to applicable provisions of the Federal Rules of Civil Procedure, before a Notary

Public in and for the Commonwealth of Massachusetts, or before some officer authorized

by law to administer oaths.  The oral examination will continue from day to day until

completed.

       You are invited to attend and cross examine.

                                        Joseph R. Gallitano
                                        Attorney for the Plaintiff
                                        34 Main Street Ext., Suite 202
                                        Plymouth, MA  02360
                                        (508) 746-1500
Dated:  January 10, 2006                BBO 183700

# CASE # 1

*164 F.R.D. 117, \*; 1995 U.S. Dist. LEXIS 20649, \*\**

COMMONWEALTH ALUMINUM CORPORATION and ENTERPRISE METAL CORPORATION,
Plaintiffs v. FRANK MARKOWITZ, GARY S. McMAHON, AMERICAN HIGHWAY SIGN
CORPORATION, AMSIGN CORPORATION, and JECON METALS CORPORATION, Defendants

Civil Action No. 94-30265-MAP

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

164 F.R.D. 117; 1995 U.S. Dist. LEXIS 20649

October 3, 1995, Decided

**DISPOSITION: [\*\*1]** Plaintiffs' motion for a continuance ALLOWED

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Following receipt of a motion for **summary judgment** filed on
behalf of defendant buyer and others, plaintiff seller filed a motion for continuance of the
**summary judgment** motion in order to obtain **discovery.** Fed. R. Civ. P. 56(f).

**OVERVIEW:** The seller filed an action against the buyer and others and asserted that the
buyer caused the seller to continue shipments of its product, through artifice and
deception, despite the fact that the buyer was deeply in debt and the buyer's principals
were winding down the buyer's operations. The buyer and others sought **summary
judgment.** In response to the motion for **summary judgment,** the seller filed a motion
for continuance of **summary judgment** in order to obtain **discovery.** In granting the
motion for continuance, the court held that the seller's submissions in support of its
motion for continuance were sufficient to satisfy the requirements of Fed. R. Civ. P. 56(f).

**OUTCOME:** The court allowed the continuance.

**CORE TERMS:** discovery, summary judgment, continuance, proffer, corporate veil,
memorandum, depositions, piercing, thirty-one, facts essential, party opposing, good cause,
authoritativeness, authoritative, discoverable, accompanied, vigilant, suffice, invoke, mount,
summary judgment motion, apparent authority, motion to strike, consolidated, docketed,
uniquely, pursuing, weak

**LexisNexis(R) Headnotes**

Civil Procedure > Summary Judgment > Time Limitations
*HN1* ⚓ Fed. R. Civ. P. 56(f) is the vehicle by which the party opposing **summary judgment**
may defer judgment by demonstrating an authentic need for, and an entitlement to,
an additional interval in which to marshal facts essential to mount an opposition. A
court should construe motions that invoke the rule generously, holding parties to the
rule's spirit rather than its letter.

Civil Procedure > Summary Judgment > Time Limitations
*HN2* ⚓ Fed. R. Civ. P. 56(f) states that should it appear from the affidavits of a party
opposing the motion for **summary judgment** that the party cannot for reasons
stated by affidavit present facts essential to justify the party's opposition, the court
may refuse the application for judgment or may order a continuance to permit
affidavits to be obtained or **depositions** to be taken or **discovery** to be had or may
make such other order as is just.

Civil Procedure > Summary Judgment > Time Limitations

*HN3* Fed. R. Civ. P. 56(f) requires that a party seeking a continuance because of incomplete **discovery** do the following: (i) make an authoritative and timely proffer; (ii) show good cause for the failure to have discovered these essential facts sooner; (iii) present a plausible basis for the party's belief that facts exist that would likely suffice to raise a genuine and material issue; and (iv) show that the facts are discoverable within a reasonable amount of time. A court has considerable discretion to relax, or even excuse, one or more of the requirements in order to address the exigencies of a given case. As such, the rule and its requirements should be liberally construed.

Civil Procedure > Summary Judgment > Time Limitations

*HN4* A party must invoke Fed. R. Civ. P. 56(f) within a reasonable time following a motion for **summary judgment.**

**COUNSEL:** For COMMONWEALTH ALUMINUM CORPORATION, ENTERPRISE METAL CORPORATION, Plaintiffs: Evan Slavitt, Mary P. Murray, Hinckley, Allen, Snyder & Comen, Boston, MA.

For FRANK MARKOWITZ, AMSIGN CORPORATION, JECON METALS CORPORATION, Defendants: C. Brian McDonald, Bulkley, Richardson & Gelinas, Springfield, MA. For GARY S. MCMAHON, Defendant: Mark E. Draper, Annino, Draper & Moore, P.C., Springfield, MA.

**JUDGES:** Kenneth P. Neiman, U.S. Magistrate Judge, Judge Michael A. Ponsor

**OPINIONBY:** Kenneth P. Neiman

**OPINION: [*118]** MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION FOR CONTINUANCE (Docket No. 30)

October 3, 1995

NEIMAN, U.S.M.J.

Counsel for all parties appeared before the Court on September 14, 1995, with regard to Plaintiffs' Motion for Continuance (Docket No. 30) and Defendants' Motion for **Summary Judgment** (Docket No. 11). The Court also heard argument on Plaintiffs' Motion to Strike Affidavits of Richard Golber, Constance Katz-Golber, Frank Markowitz and Ronald Whitaker (Docket No. 21). For the reasons set forth below, the Court orders that a continuance be granted. Since the Court is granting Plaintiffs' motion for a continuance, it will not, **[**2]** at this time, act on the motion for **summary judgment.** Plaintiffs' motion to strike has been denied.

BACKGROUND

Plaintiffs Commonwealth Aluminum Corporation and Enterprise Metal Corporation, suppliers of aluminum and metal products, seek to recover damages from the Defendant sign company ("American Highway Sign"), which purportedly requested and received Plaintiffs' products. Plaintiffs also seek to recover damages from a former officer of American Highway Sign ("McMahon"), two related corporations, and others. Plaintiffs allege that Defendants, through artifice and deception, caused Plaintiffs to continue to ship their products to American Highway Sign, which was deeply in debt, despite the fact that its principals were winding down the company and pursuing possible changes.

Plaintiffs initiated this action on November 18, 1994 and Defendants answered by January 18, 1995. The next docketed activity occurred on June 7, 1995 when all of the Defendants, except for McMahon, filed a joint motion for **summary judgment,** based solely on the affidavits of Defendant Markowitz, Richard Golber, Constance Katz-Golber and Ronald Whitaker. On August 4, 1995, Plaintiffs filed the following: **[\*\*3]** (i) their opposition to Defendants' motion for **summary judgment,** which is based solely on the **[\*119]** affidavits of Stephen Williamson, Jerry Price, Arthur Raskin, Gary Murch, Laurie McConnell, Peter Gude and Susan Henry; (ii) their motion to strike; (iii) their motion to file a memorandum of law in excess of twenty pages, which was granted; and (iv) their motion for a continuance. n1 On August 7, 1995, Plaintiffs filed a thirty-one page "Consolidated Memorandum" in support of their various motions.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Because the parties had themselves agreed to an extension for Plaintiffs to oppose the **summary judgment** motion, Plaintiffs failed to file their opposition within the required time-limit. Unaware of the parties' agreement, District Court Judge Michael A. Ponsor initially granted Defendants' motion. On July 11, 1995, however, Judge Ponsor recognized the parties' agreement, retracted his order granting **summary judgment** and gave Plaintiffs until August 4, 1995 to file their opposition.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

DISCUSSION

Pursuant to Federal **[\*\*4]** Rule of Civil Procedure 56(f), Plaintiffs have moved for a continuance of Defendants' **summary judgment** motion in order to obtain **discovery.** n2 *HN1* Rule 56(f) is the vehicle by which the party opposing **summary judgment** may defer judgment by demonstrating "an authentic need for, and an entitlement to, an additional interval in which to marshal facts essential to mount an opposition." *Morrissey v. Boston Five Cents Savings Bank,* 54 F.3d 27, 35 (1st Cir. 1995) (citing *Resolution Trust Co. v. North Bridge Assocs.,* 22 F.3d 1198, 1203 (1st Cir. 1994) (internal quotations omitted). The Rule permits a party from being "railroaded by a premature motion for **summary judgment.**" *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). The First Circuit has recognized the "salutary purposes" of Rule 56(f) and indicated that it "is intended to safeguard against judges swinging the **summary judgment** axe too hastily." *Resolution Trust,* 22 F.3d at 1203 (citations omitted). Thus, a court "should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." *Id.*

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 *HN2* Federal Rule of Civil Procedure 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or **depositions** to be taken or **discovery** to be had or may make such other order as is just.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**[\*\*5]** *HN3*

Rule 56(f) requires that a party seeking a continuance because of incomplete **discovery** do the following:

> (i) make an authoritative and timely proffer; (ii) show good cause for the failure to have discovered these essential facts sooner; (iii) present a plausible basis for the party's belief that facts exist that would likely suffice to raise a genuine and material issue; and (iv) show that the facts are discoverable within a reasonable amount of time.

*Morrissey,* 54 F.3d at 35 (citations omitted). A court has considerable discretion to relax, or even excuse, one or more of the requirements in order to address the exigencies of a given case. *Resolution Trust,* 22 F.3d at 1203. See also *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5, 106 S. Ct. 2505, 2511 n.5, 91 L. Ed. 2d 202 (1986). As such, the rule and its requirements should be liberally construed. *Resolution Trust,* 22 F.3d at 1203.

Defendants argue that Plaintiffs' failure to proffer "by affidavit" the reasons why they are unable to present facts essential to justify their opposition precludes a continuance. Although Defendants cite the First Circuit's decision in *Resolution Trust,* they **[\*\*6]** fail to recognize that court's liberal interpretation of the authoritativeness requirement of Rule 57(f). In addition, Defendants have not cited *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985, 988 (1st Cir. 1988), a case in which the First Circuit "stated unequivocally that a Rule 57(f) proffer may acceptably take the form of 'written representations of counsel subject to the strictures of Fed.R.Civ.P. 11.'" *Resolution Trust,* 22 F.3d at 1204. Compare, *Hebert v. Wicklund,* 744 F.2d 218, 221 (1st Cir. 1984), which "stands only for the proposition that an undocketed letter from a lawyer is not a sufficient Rule 56(f) proffer." *Id.*

 **[\*120]** Plaintiffs' submissions are more than adequate to satisfy the authoritativeness requirement of Rule 56(f). Despite the absence of a formal affidavit, Plaintiffs' counsel does explain, in two docketed submissions, why a continuance is necessary. n3 Moreover, Plaintiffs indicate, in numerous places in their thirty-one page consolidated memorandum, that permitting **discovery** would allow them to better respond to Defendants' contentions regarding several key issues. n4 In addition, Plaintiffs' memorandum is accompanied **[\*\*7]** by seven affidavits which arguably support both their opposition to **summary judgment** and their motion for a continuance. In sum, as in *Resolution Trust,* "this case floats comfortably within the safe harbor contemplated by the *Paterson-Leitch* court." *Resolution Trust,* 22 F.3d at 1204 (holding that counsel's sole affidavit is sufficiently authoritative to support a Rule 56 (f) motion). See also *id.,* at 1202, 1204 n.7 (noting that a Rule 56(f) motion accompanied only by descriptive memorandum of counsel and no affidavit "appears to have been meritorious" given other documented evidence).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 In the motion for a continuance, Plaintiffs' counsel states:

In support of this motion, the Plaintiffs note that no **discovery** from defendants has been obtained and many of the issues are intensively fact-based and much of the knowledge relevant to such disputes is uniquely in the hands of the Defendants. For example, in order to determine either actual or apparent authority of Gary McMahon to act on behalf of one or more of the other defendants, it is necessary to examine the relationship between and among the Defendants and any statements that may have been made by them to Mr. McMahon. Similarly, the ability of the Plaintiffs to pierce the corporate veil between American Highway Sign Corporation and Amsign, and between Amsign and Jecon can only be justly determined after **discovery** into the relationships between and among those corporations. In further support of this motion, the Plaintiffs submit an accompanying memorandum of law.

The memorandum of law, to which Plaintiffs refer, concludes:

The minimal evidentiary record already available to the Plaintiffs demonstrates that the dealings between the various parties are not necessarily as clear cut or aboveboard as the Moving Defendants would have this Court believe. The record as developed warrants the denial of **summary judgment** outright. Should the Court decide to entertain this motion, however, the Plaintiffs respectfully request that, pursuant to Fed.R.Civ.P. 56(f), the Court grant them a continuance to permit the conduct of **discovery.** As discussed above, much of the relevant information is uniquely in the hands of the Defendants, available to the Plaintiffs only through the **discovery** process.

See Consolidated Memorandum, at 30. **[**8]**

n4 See Consolidated Memorandum, at 6 n.2 ("Plaintiffs do not necessarily agree that this Court is properly presented with facts to resolve the issues of agency or piercing the corporate veil."); 11 ("The question of agency depends in large part, on the actual relationship between McMahon and the other defendants, a matter which has not been tested or explored in **discovery.** Accordingly, pursuant to Fed.R.Civ.P. 56(f), Plaintiffs suggest that this issue be deferred until **discovery** can be had."); 16 ("This Court should decline the invitation to resolve prematurely the matter [of apparent authority] before **discovery** has, in any meaningful sense, begun."); 22 n.9 ("One might well ask to what extent the Moving Defendants are being honest with this Court in bringing an early *Celotex* motion knowing that there is contrary factual information and failing either to disclose it or to explain it."); and 24 ("Until the Plaintiffs can dissect [the corporate veil] scheme further by means of the **discovery** tools, it would be inappropriate to grant judgment.").

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

There can be no dispute that Plaintiffs' **[**9]** motion is timely. *HN4*"[A] party must invoke Rule 56(f) within a reasonable time following a motion for **summary judgment**." *Resolution Trust,* 22 F.3d at 1204, 1205 (holding that over three months between motion for **summary judgment** and filing of third extension motion is not "outside the realm of reasonableness"). Here, Defendants assented to, and the Court granted, an extension of about one month for Plaintiffs to answer the June 7, 1995 motion for **summary judgment.** Plaintiffs opposed the



motion and moved for a continuance within that month and within two months after Defendants' motion was originally filed. Their consolidated memorandum was filed three days later. Further, there is no evidence that *any* **discovery** has begun, including automatic **discovery** stemming from a Rule 26(f) meeting, or that the parties have even met for a pretrial scheduling conference, see Rule 16(b). n5 As such, Plaintiff's timeliness in **[*121]** bringing a Rule 56(f) motion is even more compelling than in *Resolution Trust* where **discovery** was "due and owing," 22 F.3d at 1205, or in *Morrissey,* 54 F.3d at 35 where the defendant was already under an order to produce documents.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n5 Even the **summary judgment** rule emphasizes the need for a developed factual record prior to a court's decision:

> The judgment sought shall be rendered forthwith *if the pleadings, **depositions**, answers to interrogatories, and admissions on file, together with the affidavits, if any,* show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c) (emphasis added). See also *Flanders & Medeiros, Inc. v. Bogosian,* 65 F.3d 198, 201, 1995 WL 529315, at *3 (1st Cir. 1995); and *Mendes v. Medtronic, Inc.,* 18 F.3d 13, 15 (1st Cir. 1994).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - **[**10]**

Similarly, there is no question that Plaintiffs have shown good cause in pursuing a continuance. As indicated above, Plaintiffs have both attempted to respond to Defendants' arguments and repeatedly indicated that **discovery** will enable them to mount a more compelling defense. Defendants' suggestion that Plaintiffs have "completely obfuscated" the issue by moving for a continuance, on the one hand, and opposing **summary judgment** with a thirty-one page brief, on the other, see Defendants' Opposition, at 1, is without merit. According to the First Circuit, "Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights." *Resolution Trust,* 22 F.3d at 1203. Despite assertions to the contrary, the Plaintiffs' decision to pursue alternative strategies is not only "vigilant," it is a completely rational response to Defendants' move to dispose of this case before any **discovery** has begun.

Plaintiffs have also demonstrated "a plausible basis for a belief that discoverable materials exist that would likely suffice to raise a genuine issue of material fact and, thus, defeat **summary judgment**." *Id.* at 1206 (citing *Nestor Colon Medina & Successors,* **[**11]** *Inc. v. Custodio,* 964 F.2d 32, 38 (1st Cir. 1992), and *Price v. General Motors Corp.,* 931 F.2d 162, 164 (1st Cir. 1991)). Counsel's Rule 56(f) proffer, which is not subject to the "more harrowing evidentiary standard" of Rules 56(e) and 56(c), *Id.,* at 1206-1207, articulates several specific areas of **discovery** raised either by Plaintiffs' complaint or Defendants' motion - e.g., agency and piercing the corporate veil - which Plaintiffs' wish to pursue. n6 The complaint, the parties' briefs, and the discussion at hearing, clearly indicate that these issues are central components of this case.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n6 Defendants assert that Plaintiffs' arguments concerning the existence of authority and corporate veil piercing are "weak." See Defendants' Opposition, at 2-3 and n.1. Despite the obvious distinction between *weak* and *non-existent* arguments, the Court notes that Plaintiffs' case may be strengthened through **discovery.** In granting a continuance, however, the Court offers no opinion as to the ultimate viability of Plaintiffs' various theories of recovery or their ability to withstand **summary judgment.**

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[\*\*12]**

CONCLUSION

For the foregoing reasons, the Court ALLOWS Plaintiffs' motion for a continuance and orders the parties to proceed with **discovery** limited to those issues raised by the parties' respective positions regarding Defendants' motion for **summary judgment.** Plaintiffs and all Defendants (except McMahon) have until October 30, 1995 to propound interrogatories and requests for production of documents and until December 29, 1995 to obtain **depositions.** Plaintiffs and Defendants are limited to the taking of four (4) **depositions** per side. By January 26, 1996, Plaintiffs shall file a brief supplemental to their opposition to Defendants' motion for **summary judgment** and Defendants shall file their supplemental brief by February 23, 1996.

IT IS SO ORDERED.

Kenneth P. Neiman

U.S. Magistrate Judge

Source: My Sources > Massachusetts > Cases > **MA Federal & State Cases, Combined** [i]
Terms: **summary judgment denied because plaintiff has a right to conduct at least initial discovery such as depositions of the defendant and witnesses at the ...** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Thursday, February 16, 2006 - 1:11 PM EST

\* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
(A) - Citing Refs. With Analysis Available
(i) - Citation information available
\* Click on any *Shepard's* signal to *Shepardize*® that case.

 LexisNexis®   About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.